## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

———————————————————— x
                               :

EDDIE McDONALD, on behalf of himself and
others similarly situated,

                        Plaintiff,

          v.

GREGORY B. McATEE, P.C., and
MERCHANTS ADJUSTMENT SERVICE,
INC.

                Defendants.

———————————————————— 

**Civil Action No.: 16-347**

**COMPLAINT - - CLASS ACTION**

**JURY TRIAL DEMANDED**

## NATURE OF ACTION

1.     This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2.     Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.     As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—recently explained, "[h]armful debt collection practices remain a significant concern today.

4.      The CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

5.      In fact, in 2015, over one-third of the complaints received by the CFPB involved debt collectors' attempts to collect debts that consumers did not owe.[2]

6.      To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights. 15 U.S.C. § 1692g(a).

7.      A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

8.      Pertinent here, the validation notice must advise the consumer of his right to request, in writing, that the debt collector "provide the consumer with the name and address of the original creditor, if different from the current creditor." *Id.*, § 1692g(a)(5).

9.      If the consumer notifies the debt collector in writing within the thirty-day period that the consumer requests the name and address of the original creditor, the debt collector must "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt" and mails the consumer a copy of that verification. *Id.*, § 1692g(b).

---

[1]      *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf

[2]      *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2016* at 3 (2016), http://files.consumerfinance.gov/f/201603_cfpb-fair-debt-collection-practices-act.pdf

10.     As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

11.     Moreover, in order to avoid confusion as to whether an alleged debt may increase due to interest or fees, the debt collector must notify the consumer that the amount of the debt stated in the letter will increase over time, or, that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date. *Avila v. Riexinger & Associates, LLC,* 817 F.3d 72, 77 (2nd Cir. 2016).

12.     This case centers on the failure of Gregory B. McAtee, P.C.'s ("McAtee, P.C.") and Merchants Adjustment Service, Inc. ("Merchants") (collectively, "Defendants") to properly provide the disclosures required by 15 U.S.C. § 1692g in their initial written communications to consumers in Alabama, or within five days thereafter, and the failure of Defendants to notify consumers whether the debts it is attempting to collect from them are static, or may increase over time.

## PARTIES

13.     Eddie McDonald ("Plaintiff") is a natural person who at all relevant times resided in Mobile, Alabama.

14.     Plaintiff is obligated, or allegedly obligated, to pay debts owed or due, or asserted to be owed or due, a creditor other than McAtee, P.C.

15.     Plaintiff's obligations, or alleged obligations, owed or due, or asserted to be owed or due, arises from transactions in which the money, property, insurance, or services that are the

subject of the transactions were incurred primarily for personal, family, or household purposes—namely, medical debts (collectively, the "Debts.").

16.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17.     McAtee, P.C. is a corporation based in Mobile, Alabama.

18.     McAtee, P.C. is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect the Debts from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

19.     Upon information and belief, at the time McAtee, P.C. attempted to collect the Debts from Plaintiff, the Debts were in default, or McAtee, P.C. treated the Debts as if they were in default from the time that McAtee, P.C. acquired them for collection.

20.     McAtee, P.C. uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21.     McAtee, P.C. is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

22.     Merchants is a corporation based in Mobile, Alabama.

23.     Merchants uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

24.     Merchants is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**JURISDICTION AND VENUE**

25.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

26.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

**FACTUAL ALLEGATIONS**

27.     On or about June 10, 2016, McAtee, P.C., on behalf of Merchants, sent a written communication to Plaintiff in connection with the collection of one of the Debts (the "$385.64 Debt").

28.     A true and correct copy of the June 10, 2016 communication is attached hereto as Exhibit A.

29.     The June 10, 2016 communication was the first communication Plaintiff received from McAtee, P.C. concerning the $385.64 Debt.

30.     Plaintiff did not receive any additional communications from McAtee, P.C. within five days of the June 10, 2016 communication concerning the $385.64 Debt.

31.     The June 10, 2016 communication to Plaintiff stated: "The above account has been placed with this office for collection."  *See* Ex. A.

32.     In the reference line, the June 10, 2016 communication stated: "Amount Due: $385.64 (Principal $327.09, Interest $58.55 & Attorney Fees $.00)."  Ex. A.

33.     The June 10, 2016 communication then advised Plaintiff, in pertinent part:

*This is to advise you that the creditor referenced above is claiming the listed balance from you. Federal law requires us to advise you that:*

*We will assume that the debt is valid unless you, within thirty (30) days after receipt of this notice dispute the validity of the debt or any portion thereof.  If you*

5

*notify Gregory B. McAtee, P.C. in writing within said thirty day period that you dispute the debt or a portion thereof, we will obtain verification of the debt or a copy of the judgment, if applicable, and mail the same to you.*

***If the original creditor is different from the creditor listed above, upon your request, we will provide you with the name and address of the original creditor.***

Ex. A (bolded emphasis added).

34.     Also on or about June 10, 2016, McAtee, P.C., on behalf of Merchants, sent a separate written communication to Plaintiff in connection with the collection of the $47.56 Debt.

35.     A true and correct copy of the second June 10, 2016 communication is attached hereto as Exhibit B.

36.     The second June 10, 2016 communication was the first communication Plaintiff received from McAtee, P.C. concerning the $47.56 Debt.

37.     Plaintiff did not receive any additional communications from McAtee, P.C. within five days of the second June 10, 2016 communication concerning the $47.56 Debt.

38.     The second June 10, 2016 communication to Plaintiff stated: "The above account has been placed with this office for collection." *See* Ex. B.

39.     In the reference line, the second June 10, 2016 communication stated: "Amount Due: $47.56 (Principal $40.31, Interest $7.25 & Attorney Fees $.00)." Ex. B.

40.     The June 10, 2016 communication then advised Plaintiff, in pertinent part:

*This is to advise you that the creditor referenced above is claiming the listed balance from you. Federal law requires us to advise you that:*

*We will assume that the debt is valid unless you, within thirty (30) days after receipt of this notice dispute the validity of the debt or any portion thereof. If you notify Gregory B. McAtee, P.C. in writing within said thirty day period that you dispute the debt or a portion thereof, we will obtain verification of the debt or a copy of the judgment, if applicable, and mail the same to you.*

***If the original creditor is different from the creditor listed above, upon your request, we will provide you with the name and address of the original creditor.***

Ex. A (bolded emphasis added).

41.     Upon information and belief, Merchants is not the original creditor for either of the Debts.

42.     Both June 10, 2016 communications violated 15 U.S.C. § 1692g(a)(5) by failing to inform Plaintiff that McAtee, P.C. need only provide him with the name and address of the original creditors, if different from the current creditors, if he requested that information from McAtee, P.C., *in writing. See, e.g., Bicking v. Law Offices of Rubenstein & Cogan*, 783 F. Supp. 2d 841, 844 (E.D. Va. 2011) ("Several district courts have confronted this precise issue in recent years. As far as this Court can tell, all of them have held that a debt collector's failure to include the 'in writing' requirement violates subsections (a)(4) and (5) of Section 1692g."); *Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 869 (S.D. Tex. 2011) ("Every district court to consider the issue has held that a debt collector violates § 1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing.").

43.     That is, a debt collector need only provide the name and address of the original creditor if requested to do so by a consumer in writing within the thirty-day period.

44.     By failing to include this "in writing" requirement in its initial debt collection letter, McAtee, P.C. misstated Plaintiff's rights under the FDCPA.

45.     McAtee, P.C.'s misstatement of the rights afforded by the FDCPA would cause the least-sophisticated consumer to understand, incorrectly, that a request for the name and address of the original creditor, could be obtained through an oral request, or by means other than in writing. Such a misunderstanding could lead the least-sophisticated consumer to waive or otherwise not properly vindicate her rights under the FDCPA.

46.     Indeed, failing to request the name and address of the original creditor, *in writing*, would cause a consumer to waive the important protections afforded by 15 U.S.C. § 1692g(b)—

namely, that a debt collector cease contacting the consumer until the debt collector provides the

consumer with the original creditor's name and address, as requested.

47. As one district court explained:

> An oral notice of dispute of a debt's validity has different legal consequences than
> a written notice. Section 1692g(b) provides that if the consumer notifies the
> collector of a dispute *in writing* within the 30–day period, the collector must cease
> collection activities until he obtains the verification or information required by
> subsections 1692g(a)(4) and (a)(5). But if the consumer disputes the debt orally
> rather than in writing, the consumer loses the protections afforded by § 1692g(b);
> the debt collector is under no obligation to cease all collection efforts and obtain
> verification of the debt. *Withers v. Eveland,* 988 F. Supp. 942, 947 (E.D.Va.1997).
> An oral dispute "triggers multiple statutory protections," but these protections are
> not identical to those triggered by a written dispute. *Camacho v. Bridgeport Fin.
> Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005). As the Ninth Circuit has explained, the
> FDCPA "assigns lesser rights to debtors who orally dispute a debt and greater
> rights to debtors who dispute it in writing." *Id*. at 1082.

*Osborn*, 821 F. Supp. at 869-70.

48. Moreover, "[a] debt collection letter is deceptive where 'it can be reasonably read

to have two or more different meanings, one of which is inaccurate.'" *Marucci v. Cawley &

Bergmann, LLP*, 66 F.Supp.3d 559, 567-68 (D.N.J. 2014) (quoting *Wilson v. Quadramed

Corp.,* 225 F.3d 350, 354 (3d Cir. 2000)).

49. Here, McAtee, P.C.'s debt collection letters can reasonably be read to have two

different meanings: (1) interest and fees were calculated on the date the letter was written and

would continue to accrue, or (2); the stated interest and fee balances were static, and that

payment of those amounts, plus the principal balance, would satisfy the debts in full irrespective

of when the payment was made. *See Marucci,* 66 F.Supp.3d at 567; *see also Avila,* 817 F.3d at

76 ("Because the statement of an amount due, without notice that the amount is already

increasing due to accruing interest or other charges, can mislead the least sophisticated consumer

into believing that payment of the amount stated will clear her account, we hold that the FDCPA

requires debt collectors, when they notify consumers of their account balance, to disclose that the

balance may increase due to interest and fees."); *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP,* 217 F.Supp.2d 336, 341 (E.D.N.Y.2002) (explaining that a letter stating "Amount: $1,962.87 plus attorneys' fees up to $294.43" presented the least sophisticated consumer "with, at best, an unclear and, at worst, contradictory message regarding the amount of money she owes")..

50.     As a result, the letters violate 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(2)(A).

51.     As a debt collector, Merchants is vicariously liable for the unlawful actions of McAtee, P.C. in its attempts to collect debts on behalf of Merchants. *See Muzuco v. Re$ubmitIt, LLC,* No. 11–62628–Civ, 2012 WL 3242013, at *5 (S.D. Fla. Aug.7, 2012).

## CLASS ACTION ALLEGATIONS

52.     Plaintiff bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of two classes:

### The Original Creditor Class

(a) All persons with an Alabama address, (b) to whom Gregory B. McAtee, P.C. mailed an initial debt collection communication on behalf of Merchants Adjustment Service, Inc. that stated: (1) "If the original creditor is different from the creditor listed above, upon your request, we will provide you with the name and address of the original creditor," (c) in the one year preceding the date of this complaint, (d) in connection with the collection of a consumer debt, (e) that was not returned as undeliverable to Gregory B. McAtee, P.C.

### The Interest Class

(a) All persons with an Alabama address, (b) to whom Gregory B. McAtee, P.C. mailed an initial debt collection communication on behalf Merchants Adjustment Service, Inc. that stated (c) the amount of principal, interest and fees owed on the subject debt without any explanation of whether or not interest, fees, or other charges were continuing to accrue (d) in the one year preceding the date of this complaint, (e) in connection with the collection of a consumer debt, (f) that was not returned as undeliverable to Gregory B. McAtee, P.C.

Excluded from the classes are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had controlling interests.

53.      The proposed classes satisfy Fed. R. Civ. P. 23(a)(1) because, upon information and belief, they are so numerous that joinder of all members is impracticable.

54.      The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.

55.      The proposed classes are ascertainable in that, upon information and belief, the names and addresses of all members of the proposed classes can be identified in business records maintained by Defendants.

56.      The proposed classes satisfy Fed. R. Civ. P. 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the classes.

57.      To be sure, the claims of Plaintiff and all of the members of the classes originate from the same conduct, practice and procedure on the part of Defendants, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed classes.

58.      Plaintiff satisfies Fed. R. Civ. P. 23(a)(4) because he will fairly and adequately protect the interests of the members of the classes and has retained counsel experienced and competent in class action litigation.

59.      Plaintiff has no interests that are contrary to or in conflict with the members of the classes that he seeks to represent.

60.      A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is likely impracticable.

61.     Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes to individually redress the wrongs done to them.

62.     There will be no difficulty in the management of this action as a class action.

63.     Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the classes.

64.     Among the issues of law and fact common to the class are:

   a.   Defendants' violations of the FDCPA as alleged herein;

   b.   Defendants' failure to properly provide in its initial debt collection letter the disclosures required by 15 U.S.C. § 1692g;

   c.   Whether Defendants are debt collectors as defined by the FDCPA;

   d.   the availability of statutory penalties; and

   e.   the availability of attorneys' fees and costs.

**COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(a)(5) AS TO PLAINTIFF AND THE ORIGINAL CREDITOR CLASS**

65.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 64.

66.     The FDCPA at 15 U.S.C. § 1692g(a)(5) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

*****

 (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

67.     McAtee, P.C.'s June 10, 2016 communications did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(5), and McAtee, P.C. did not provide such disclosures within five days thereafter.

68.     Specifically, the June 10, 2016 communications violated 15 U.S.C. § 1692g(a)(5) by failing to inform Plaintiff that McAtee, P.C. need only provide him the name and address of the original creditor, if different from the current creditor, if he notified McAtee, P.C. of his request for that information in writing.

69.     As a result, McAtee, P.C. violated 15 U.S.C. § 1692g(a)(5).

70.     The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to him personally, regarded his personal alleged debt, and materially misstated his validation rights under the FDCPA. Likewise, McAtee, P.C.'s actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to misunderstand their rights and to not vindicate the protections afforded them by federal law. In addition, McAtee, P.C.'s actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

71.     Merchants is vicariously liable for McAtee, P.C.'s unlawful conduct alleged herein.

## COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e, AS TO PLAINTIFF AND THE INTEREST CLASS

72.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 64.

73.     The FDCPA at 15 U.S.C. § 1692e provides, in pertinent part, that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

74.     McAtee, P.C. violated 15 U.S.C. § 1692e by using false or deceptive means to collect, or attempt to collect, the subject alleged debts from Plaintiff, as both its July 10, 2016 communications to Plaintiff failed to state whether interest was, in fact continuing to accrue, on the Debts. McAtee, P.C.'s letters can reasonably be read to have at least two different meanings. Each letter could be read to mean that the stated balance was static—and not susceptible to additional interest, late fees, or other charges—or dynamic, in which case the balance was only accurate as of the date of the letter and would continue to grow over time as interest accrued. But at least one of these meanings was necessarily inaccurate. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011); *Marucci*, 66 F.Supp.3d at 567-68 (D.N.J. 2014); *Snyder v. Daniel N. Gordon, P.C.*, No. C11-1379 RAJ, 2012 WL 3643673, at *3 (W.D. Wash. Aug. 24, 2012).

75.     As a result, McAtee, P.C. violated 15 U.S.C. § 1692e(2)(A).

76.     The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to him personally and regarded his personal alleged debt. Likewise, McAtee, P.C.'s actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to be confused as to the amount that is alleged to be owed and what the consequences are of not paying that amount at that time. In addition, McAtee, P.C.'s actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

77.     Merchants is vicariously liable for McAtee, P.C.'s unlawful conduct alleged herein.

## COUNT III: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(2)(A), AS TO PLAINTIFF AND THE INTEREST CLASS

78.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 64.

79.     The FDCPA at 15 U.S.C. § 1692e(2)(A) provides, in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

(A) the character, amount, or legal status of any debt.

80.     McAtee, P.C. violated 15 U.S.C. § 1692e(2)(A) by using false representation of the character, amount or legal status of the alleged debts as both its July 10, 2016 communications to Plaintiff failed to state whether interest was, in fact continuing to accrue, on the Debts. McAtee, P.C.'s letters can reasonably be read to have at least two different meanings. Each letter could be read to mean that the stated balance was static—and not susceptible to additional interest, late fees, or other charges—or dynamic, in which case the balance was only accurate as of the date of the letter and would continue to grow over time as interest accrued. But at least one of these meanings was necessarily inaccurate. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011); *Marucci*, 66 F.Supp.3d at 567-68 (D.N.J. 2014); *Snyder v. Daniel N. Gordon, P.C.*, No. C11-1379 RAJ, 2012 WL 3643673, at *3 (W.D. Wash. Aug. 24, 2012).

81.     As a result, McAtee, P.C. violated 15 U.S.C. § 1692e(2)(A).

82.     The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to him personally and regarded his personal alleged debt. Likewise, McAtee, P.C.'s actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to be confused as to the amount that is alleged to be owed and what the consequences are of not paying that amount at that time. In addition, McAtee, P.C.'s actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

83.     Merchants is vicariously liable for McAtee, P.C.'s unlawful conduct alleged herein.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

a.      Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b.      Adjudging and declaring that Defendants violated 15 U.S.C. §§ 1692g(a)(5), 1692e, and 1692e(2)(A);

c.      Awarding Plaintiff and members of the classes statutory damages pursuant to 15 U.S.C. §1692k, and awarding members of the classes any actual damages pursuant to 15 U.S.C. §1692k;

d.      Awarding Plaintiff and members of the classes their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

e.      Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

f.      Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated:  July 1, 2016                                   Respectfully submitted,

                                                       s/ Gina DeRosier Greenwald
                                                       Gina Derosier Greenwald
                                                       James L. Davidson*
                                                       Greenwald Davidson PLLC
                                                       5550 Glades Road, Suite 500
                                                       Boca Raton, FL 33486
                                                       Telephone: (561) 826-5477
                                                       Facsimile: (561) 961-5684
                                                       ggreenwald@gdrlawfirm.com
                                                       jdavidson@gdrlawfirm.com

                                                       * to seek admission pro hac vice